# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

|  |  |
|---|---|
| WILLIAM T. HEARD, JR., et al ) | |
| Appellants/Defendants, ) | |
| v.                           ) | CV 10-PT-1194-NE |
| WILLIAM F. PERKINS, etc.   ) | |
| Appellee/Plaintiff.         ) | |

## SUPPLEMENTAL MEMORANDUM OPINION

This supplements a Memorandum Opinion filed by this court on October 12, 2010.

### Business Judgment Rule

The trustee has argued that the court should not consider business judgment pursuant to the defendants' motion to dismiss because, the trustee argues, it is an affirmative defense. The defendants have argued that it is not necessary for the court to decide the business judgment issue on its merit. The court concludes that it is not necessary for this court to decide the business judgment issue on its merit because this court's conclusion that certain claims should be dismissed is not dependent on addressing any purported defense.[1] This court does conclude that

---

[1] The official comment to OCGA §14-2-830 states:

*Where the standards of this section are met, there is no need to consider possible application of the business judgment rule. The possible application of the business judgment rule need only be considered if compliance with the standard of conduct set forth is not established.* Subsection (d) makes clear that this subsection will apply whether or not affirmative action was in fact taken. Subsection (d) applies (assuming its requirements are satisfied) to any conscious consideration or matters involving the affairs of the corporation. It also applies to the determination by the board of

there are no allegations, other than, perhaps, conclusory ones, that any defendant acted out of self interest, fraud, preference or bad faith with regard to the dismissed claims.  Any suggestion to the contrary is implausible.  Most of the negative allegations are premised on alleged incompetence, not malfeasance.[2]   Even the allegations relating to Director Young suggest that there was a passage of time before anyone recognized a problem.

The court assumes that any appellate court can make a *de novo* decision on the business judgment issue based on the record if deemed appropriate.

This the 10th  day of November, 2010.

                              *Robert B. Propst*
                              **ROBERT B. PROPST**
                              **SENIOR UNITED STATES DISTRICT JUDGE**

---

directors of which matters to address and which not to address.  *Section 14-2-830(d) does not apply only when the director has failed to consider taking action which under the circumstances he is obliged to consider taking.*

(Emphasis added).

[2] It is arguable that even the allegations of incompetence are conclusory.